IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORE LABORATORIES LP *f/k/a* | ) |
| *Core Laboratories, Inc., et al.,* | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 16-00526-CG-N |
| | ) |
| AmSPEC, LLC, *et al.*, | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the motion to dismiss filed by Christopher Bartlett.  (Doc. 69).  The Court has referred the motion (Doc. 69) to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a).  *See* S.D. Ala. GenLR 72(b); (2/13/2017 electronic reference).

By previous order (Doc. 72), the undersigned construed Bartlett's motion to dismiss as a motion to be dropped as a party to this action under Federal Rule of Civil Procedure 21, noting that the sole ground raised for dismissal was that Bartlett was improperly joined in this action and that "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  *See also DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("Misjoinder is governed by Rule 21…").  AmSpec has timely filed a response (Doc. 77) in opposition to the motion, and Bartlett has timely filed a reply (Doc. 83) to the response.  The motion is now under submission (*see* Doc. 72) and is ripe for disposition.  Upon consideration, the undersigned finds that Bartlett's Rule 21 motion to be dropped (Doc. 69) is due to be **DENIED**.

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just

terms, add or drop a party."[1]   In his motion, Bartlett, noting that AmSpec cited only Federal Rule of Civil Procedure 19 as a basis for joinder in its "First Amended Counterclaim and Third Party Claim"[2] (*see* Doc. 56 at 3, ¶ 9), argues that Rule 19 "does not provide a legitimate basis for joining" him.   (Doc. 69 at 4).   In response, AmSpec argues that joinder of Bartlett is proper under both Rule 19 and Rule 20.   (*See* Doc. 77).[3]

Upon consideration, the undersigned finds that it was at least proper to permissively join Bartlett under Rule 20(a)(2), which provides that "persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."   A "district court has

---

[1] Rule 21 further provides that the "court may also sever any claim against a party." However, neither Bartlett nor AmSpec has requested severance as an alternative to dropping.

[2] AmSpec treats Bartlett as a "Third-Party Defendant" in its response.   However, the rule governing third-party practice defines a third-party defendant as "a nonparty who is or may be liable to it for all or part of the claim against" a defending party.   Fed. R. Civ. P. 14(a).   AmSpec does not assert in its "First Amended Counterclaim and Third Party Claim" that Bartlett is or may be liable to it for any of the Plaintiffs' claims against it, instead asserting only an independent claim for damages for breach of contract.   (*See* Doc. 56).   Therefore, it appears Bartlett is more properly classified as a counterclaim defendant.   "Rules 19 and 20 govern the addition of a person as a party to a counterclaim…"   Fed. R. Civ. P. 13(h).

[3] Bartlett cites no authority indicating that a joining party is required to expressly plead its basis for joinder under the Federal Rules, nor is the undersigned aware of any.   Moreover, AmSpec essentially states the standard for Rule 20 joinder of Bartlett in paragraph 8 of its "First Amended Counterclaim and Third Party Claim." (*See* Doc. 56 at 2 − 3).   Accordingly, the fact that AmSpec did not expressly plead joinder under Rule 20 does not prevent it from arguing proper joinder under that Rule in opposition to the present motion.

broad discretion to join parties or not…"  *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir.

2002) (per curiam).   "In making a joinder decision, the district court is guided by the

underlying purpose of joinder, which is to 'promote trial convenience and expedite the

resolution of disputes, thereby eliminating unnecessary lawsuits.' "   *Id.* (quoting

*Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other*

*grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc)).   "The Supreme

Court has instructed the lower courts to employ a liberal approach to permissive joinder

of claims and parties in the interest of judicial economy: 'Under the Rules, the impulse is

towards entertaining the broadest possible scope of action consistent with fairness to the

parties; joinder of claims, parties and remedies is strongly encouraged.' "   *Alexander*,

207 F.3d at 1323 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)).

> In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims.   For the purposes of Rule 13(a), transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence…
>
> The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties…

*Id.* at 1323-24 (citations and quotations omitted).

AmSpec's "First Amended Counterclaim and Third Party Claim" (Doc. 56) alleges

that Bartlett, a former employee, went to work for the Plaintiffs after resigning from

AmSpec and that, in the course of his employment with the Plaintiffs and at the

Plaintiffs' direction, made disparaging remarks about AmSpec to other employees of the

Plaintiffs who were considering leaving for AmSpec, and solicited AmSpec employees to come work for the Plaintiffs, in violation of non-disparagement and non-compete agreements Bartlett had entered into as a condition of his employment with AmSpec. AmSpec asserts a counterclaim for breach of contract against Bartlett, and for tortious interference with that contract against the Plaintiffs. Thus, one requirement of permissive joinder is satisfied, as AmSpec's allegations indicate there will be questions of fact common to Bartlett and the Plaintiffs in litigating these counterclaims. *See* Fed. R. Civ. P. 20(a)(2)(B).

Moreover, among other relief, AmSpec asserts it is entitled to "actual damages" from both Bartlett and the Plaintiffs under these causes of action for the loss of its business reputation. (*See* Doc. 56 at 7). Thus, the other requirement for permissive joinder is satisfied, as AmSpec has asserted a "right to relief" against both Bartlett and the Plaintiffs "jointly[ and]severally…with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrence…" Fed. R. Civ. P. 20(a)(2)(A).[4]

Apart from the issue of misjoinder, Bartlett also argues that he should be dropped because his inclusion will "muddy the waters," as it "brings two different sets of contracts with restrictive covenants (Saybolt's and AmSpec's), two unrelated bodies of evidence about the knowledge of those restrictive covenants, and completely unique claims for damages (to the extent AmSpec can plead in detail something other than nominal damages). These parallel sets of facts and causes of action will confuse a

---

[4] Because the undersigned has found permissive joinder of Bartlett under Rule 20 to be proper, the undersigned does not address whether required joinder under Rule 19 was also appropriate.

factfinder, and prevent Bartlett from getting a fair trial on the allegations against him."
(Doc. 83 at 5).   However, dropping Bartlett from this action will not prevent these "two
unrelated bodies of evidence," as Bartlett's restrictive covenants will still have to be
substantially litigated in AmSpec's tortious interference counterclaim against the
Plaintiffs. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite
and economize, the court may order a separate trial of one or more separate issues,
claims, crossclaims, counterclaims, or   third-party claims."); Fed. R. Civ. P. 20(b) ("The
court may issue orders – including an order for separate trials – to protect a party
against embarrassment, delay, expense, or other prejudice that arises from including a
person against whom the party asserts no claim and who asserts no claim against the
party.").[5]

Accordingly, the undersigned **RECOMMENDS** that Bartlett's motion to dismiss,
properly construed as a Rule 21 motion to be dropped (Doc. 69), be **DENIED**.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the
manner provided by law. Any party who objects to this recommendation or anything in it
must, within fourteen (14) days of the date of service of this document, file specific

---

[5] Bartlett further argues that he "will be held hostage to AmSpec's delay tactics"
that he contends AmSpec has displayed in defending against the Plaintiffs' claims
but does not explain why he believes AmSpec would be more cooperative if it were to
sue him separately.   Regardless, the Federal Rules of Civil Procedure provide
Bartlett adequate protections for any discovery abuses by AmSpec.   *See, e.g.*, Fed.
R. Civ. P. 26(c), 37.   Bartlett's claim that AmSpec's real motivation is "to bootstap
an attorneys' fees remedy to its defense" over states a point AmSpec was making in
its response in support of joinder under Rule 19.   *Compare* (Doc. 83 at 6) *with* (Doc.
77 at 4).   Moreover, that is only part of the relief AmSpec has requested in its
counterclaims, and Bartlett has failed to show that AmSpec's request is frivolous or
otherwise unwarranted.

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** and **ORDERED** this the 27th day of March 2017.

                    */s/ Katherine P. Nelson*
                    **KATHERINE P. NELSON**
                    **UNITED STATES MAGISTRATE JUDGE**