IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORE LABORATORIES LP f/k/a/ Core Laboratories, Inc. et al., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 16-0526-CG-N ) |
| AMSPEC, et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiffs' objection (Doc. 156) in accordance with Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's order of July 12, 2017 (Doc. 151), Defendants' response thereto (Doc. 158), and Plaintiffs' reply (Doc. 159). For the reasons explained below, the Court finds that Plaintiffs' objections should be overruled and that the Magistrate Judge's order should be affirmed.

## BACKGROUND

Plaintiffs object to the Magistrate Judge's order, dated July 12, 2017, which addressed Plaintiffs' motion to clarify the Magistrate's prior ruling regarding the confidentiality requirements of Plaintiffs' expert reports. The prior order, dated June 16, 2017, granted Defendants' request to compel Plaintiffs to produce all documents reviewed by their experts and compelled the Plaintiffs to remove "Attorneys' Eyes Only" (AEO) designations from their expert reports. The

Magistrate Judge included the following reasoning:

> As required by the Court's Order Protecting Confidentiality, counsel for the Defendants have convinced the undersigned that such designation prejudices their ability to adequately consult with their clients, especially in the case of the Compton expert report, which has been entirely designated AEO.
>
> * * * *
>
> The Plaintiffs are the parties who have put trade secrets and otherwise sensitive financial information at issue through the claims in their complaint (Doc. 1). Having done so, they may not then prejudice the Defendants' ability to defend against those claims by insisting that the Defendants not be able to examine and consult with their counsel about such key evidence that is being presented against them.

(Doc. 138 pp. 5-6). Plaintiffs moved for clarification of the June 16 order requesting that they be allowed to produce laptop images and other data its experts relied upon to Defendants on an AEO basis. (Doc. 144). The Magistrate Judge ruled that the material, including the " 'working copies' of the forensic images[,]' must be produced **without** an 'Attorneys' Eyes Only' designation." (Doc. 151, p. 2, emphasis in original). Plaintiffs object to the clarification order on the basis that the underlying facts and data that support their expert reports contain proprietary information and Plaintiffs maintain serious concerns over allowing Defendants to view such sensitive data.

## DISCUSSION

Rule 72(a) of the Federal Rules of Civil Procedure permits a district court to refer any non-dispositive pretrial matter to a magistrate judge for disposition. A party may object to a magistrate judge's order on a non-dispositive pre-trial matter within fourteen days after service of the order. FED. R. CIV. P. 72(a). Upon a party's

objection to any non-dispositive matter assigned to the Magistrate Judge, the district court "must consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *Accord, San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp.*, 783 F.Supp. 1334, 1335 (S.D. Ala. 1992); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *S.E.C. v. Kramer*, 778 F.Supp.2d 1320, 1326–27 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y.2000)). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (citations omitted). This standard is considered a "very difficult one to meet." *Thornton v. Mercantile Stores*, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (citing *Tai-Pan Inc. v. Keith Marine, Inc.*, 1997 WL 714898, *11 (M.D. Fla. 1997)). The Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with 'the definite and firm conviction that a mistake has been committed.'" *Rowlin v. Alabama Dept. of Public Safety*, 200 F.R.D. 459, 460 (M.D. Ala. 2001)(citations omitted).

Plaintiffs contend that they should not be compelled to produce the material unless it is designated AEO because discovery has revealed that Defendants want to shut down Plaintiffs by taking their Chevron business. Plaintiffs quote statements in Defendants' emails that state they "will take a large amount (if not all) of Saybolts work at Chevron" and [w]e could basically shut Saybolt down." (Doc. 156-3, p. 2). Plaintiffs cite an Eleventh Circuit case to show that "in complicated cases where document-by-document review of discovery materials would be unfeasible, an 'umbrella' protective order, … should be used to protect documents designated in good faith by the producing party as confidential." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352 (11th Cir. 1987) (citation omitted). However, the Court notes that the protective order in *In re Alexander* made the material designated as confidential available to the parties for use in litigation, it was merely inaccessible to non-parties. *Id* at 354. A protective order is in place in this case that would prohibit the disclosure of confidential information (Doc. 132), but Plaintiffs seek to prohibit even the Defendants from viewing documents Plaintiffs' experts relied upon.

Plaintiffs are correct that designating confidential documents as for "Attorneys' Eyes Only" has been used in other cases for certain confidential information. The Second Circuit explained the rational for designating documents as AEO as follows:

> The disclosure of confidential information on an "attorneys' eyes only" basis is a routine feature of civil litigation involving trade secrets. See Fed.R.Civ.P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person requiring that a trade secret or other

4

> confidential research, development, or commercial information not be revealed or be revealed only in a specified way ...."). The purpose of this form of limited disclosure is to prevent a party from viewing the sensitive information while nevertheless allowing the party's lawyers to litigate on the basis of that information.

*In re The City of New York*, 607 F.3d 923, 935–36 (2d Cir. 2010) (footnote omitted).[1]

But the fact that an AEO designation may sometimes be appropriate does not mean it must be used in all cases involving sensitive or confidential information. "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' " *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)). Thus, it is Plaintiffs' burden to show by specific facts that the designation is necessary. The Court must both find there is "good cause" for requiring the protection and must "balance the interests of those requesting the order." *Id.* (citing *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989)).

---

[1] Plaintiff also cites an unreported case from the Eastern District of Louisiana that stated that "[a]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party." *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1998 WL 186728, at *2 (E.D. La. Apr. 17, 1998)(citing district courts in Louisiana, Massachusetts, New York and Ohio). The Court notes that in *Westside-Marrero*, the court found AEO designations were appropriate, not for information to be disclosed by the plaintiffs related to their claims, but for a very limited number of documents that the defendants were to produce. In the *Westside-Marrero* case, the plaintiffs had "already demonstrated a propensity to disseminate confidential [ ] information to other persons to further their own ends," by disclosing information in public filings and mailing out partially redacted copies to other dealers. *Id.* Additionally, the court found plaintiffs had not shown any prejudice from their inability to see the documents at issue. *Id.*

5

In the instant case, Plaintiffs claim there is a vast amount of information contained on the computer hard drives in question, some of which is not relevant to the case. Plaintiffs assert that the hard drives contain financial and other sensitive information and may contain information protected by attorney-client privilege. Plaintiffs cite an unreported case from the Western District of Oklahoma for the proposition that "the majority of courts that have allowed inspection of an opponent's hard drive only allow such inspections under specific protocols that would preserve claims of attorney-client privilege and protection of the confidentiality of personal information located on the hard drives that is not related to the claims and defenses or the subject matter of the lawsuit." *Musket Corp. v. Star Fuel of Oklahoma, LLC*, 2012 WL 4363752, at *2 (W.D. Okla. Sept. 21, 2012) (citing two cases, one from the District of Kansas and the second from a Texas state court). The Court notes that the Western District of Oklahoma only referred to the protection of personal information that was not related to the claims and defenses or the subject matter of the lawsuit. Notably, in the instant case, the information Plaintiffs appear to be most concerned about is information that is directly related to their claims against Defendants, information that AmSpec could potentially use to compete against Plaintiffs for business with Chevron. In their complaint, Plaintiffs allege that Defendants have "accessed, downloaded, and transferred a large number of confidential files" that included "confidential trade secret information related to customers, pricing, business strategy, and laboratory testing" in the months prior to leaving their employ with Plaintiffs. (Doc. 1, ¶ 26). According to Plaintiffs' claims, the individual Defendants have already viewed and stolen the

information at their leisure and then accepted employment with Defendant AmSpec and made the information available to AmSpec. (Doc. 1, ¶¶ 105, 111, 117, 123). Plaintiffs essentially accuse Defendants of having taken the information but do not want Defendants to be able to see the information Plaintiffs claim Defendants stole. Undoubtedly there is also information on the hard drives that is not directly related to the claims in this case, but Plaintiffs have less need to keep such extraneous information secret from the Defendants.

Plaintiffs, citing *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198 (10th Cir. 2014, argue that designating the information in question as AEO does not deprive Defendants of a fundamental right of due process. However, what the *Richison* Court actually found was that the defendant's due process right to view the information at issue was not so fundamental as to be unwaivable. *Id*. at 1203. In *Richison*, the defendant had agreed to submit the only remaining claim to a Special Master to review, analyze and report to the court. *Id*. at 1201. The defendant had also agreed in a consent decree that the Special Master's report would be designated as AEO. *Id*. at 1202. The defendant later moved to lift the AEO designation and the district court denied his request stating that "no grounds [were] advanced … that would justify [his] access to the Special Master's Report." *Id*. at 1201. The Tenth Circuit found that the defendant's due process right to view the report had been waived when he agreed to the AEO designation of that report. *Id*. at 1202-03. This Court notes that even fundamental rights may sometimes be waived if the decision to waive was an informed one. *See e.g. Arrastia v. United States*, 455 F.2d 736, 739

7

(5th Cir.1972) (citations omitted) (finding the right of a criminal defendant to a direct appeal is a fundamental due process right and that the "decision to waive the direct appeal must, therefore, be an informed one."). There has been no suggestion here that Defendants waived their right to challenge the AEO designation.

The use of the AEO designation was fully briefed and discussed at length before the Magistrate Judge during a lengthy hearing and the Court must give deference to the Magistrate's findings on this non-dispositive issue. After review of Plaintiffs' objection and the parties' briefs, as well as the case file, the Court finds that Plaintiffs have not met their burden of demonstrating that the Magistrate's order of July 12, 2017 (Doc. 151), is clearly erroneous or contrary to law. Plaintiffs have not shown that the Magistrate Judge misapplied relevant statutes, case law or rules of procedure and the Court is not left with the "definite and firm conviction that a mistake has been committed." *United States Gypsum Co.*, 333 U.S. at 395; *Rowlin*, 200 F.R.D. at 460 (citations omitted).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' objections (Doc. 156) to the Magistrate Judge's order of July 12, 2017 are **OVERRULED**, and the Magistrate Judge's Order (Doc. 151), is **AFFIRMED** in its entirety.

**DONE** and **ORDERED** this 18th day of August, 2017.

    /s/ Callie V. S. Granade
    SENIOR UNITED STATES DISTRICT JUDGE