# TAB 05

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
 2                      SOUTHERN DIVISION

 3  CORE LABORATORIES, LP f/k/a)
    CORE LABORATORIES, INC.;   )
 4  AND SAYBOLT, LP            )
                               )
 5  VS.                        ) CIVIL ACTION NO.
                               )    1:16-CV-00526-CG-N
 6  AMSPEC, LLC; BOBBY         )
    DAVENPORT, HUGH FREEMAN;   )
 7  AND TRAVIS STAIR           )

 8

 9

10

11

12          ORAL AND VIDEOTAPED DEPOSITION OF

13                  JEFFREY A. COMPTON

14                     JULY 20, 2017

15                     VOLUME 1 OF 1

16

17

18

19

20  ORAL DEPOSITION OF JEFFREY A. COMPTON, produced as a
    witness, duly sworn by me at the instance of the
21  Defendants, taken in the above-styled and numbered cause
    on July 20, 2017, from 9:13 a.m. to 4:48 p.m., before
22  Cynthia C. Miller, Certified Shorthand Reporter No.
    8065, in and for the State of Texas, via machine
23  shorthand, at Ahmad, Zavitsanos, Anaipakos, Alavi &
    Mensing, 1221 McKinney, Suite 2500, Houston, Texas
24  77010, pursuant to the Federal Rules of Civil Procedure
    and any provisions stated on the record.
25
```

JEFFREY A. COMPTON - July 20, 2017

1  that there is more than one competitor previously.  More
2  than two competitors previously.
3      Q.   It's not a zero sum game; correct?  In other
4  words, the business that's lost by Saybolt doesn't all
5  necessarily go to AmSpec, it could go to other
6  competitors; correct?
7      A.   That's possible.  I don't know what business
8  went to AmSpec.
9      Q.   Or SGS, or Intertech, or Inspectorate for that
10 matter; right?
11     A.   Right.
12          MR. MITBY:  Again, David, I'll renew my
13 request that you produce the invoices and the documents
14 that show how much money your clients --
15          MR. BARRON:  Mr. Mitby, I will renew my
16 objection to you raising issues in this deposition that
17 are not related to the deposition.
18          MR. MITBY:  It's highly --
19          MR. BARRON:  I consider that to be
20 interrupting and harassing and it's wasting time.  We're
21 here to take a deposition.  If you'd like to discuss
22 other matters, there are other forums available for
23 that.
24          MR. MITBY:  Okay.
25     Q.   (By Mr. Barron)  All right.  Mr. Compton, you

1    Q.   All right.  So set that aside.
2    A.   Okay.
3    Q.   I'm not trying to argue that.
4    A.   Thank you.
5    Q.   That's for later people to talk about.
6    A.   Or earlier today.
7    Q.   Okay.  You agree that if there is a location
8  where there's four competitors and now there's five,
9  then all things being equal, your percentage of sales is
10 going to go -- or revenue is going to go down?
11   A.   If those are the only facts, that would be
12 reasonable.
13   Q.   Okay.  So if we assume that as true, that's a
14 generally accepted principle, that --
15   A.   Yeah.
16   Q.   -- the more competitors the, you know, less
17 revenue any one company is going to get, how would you
18 factor that in to reducing the lost profits number that
19 you've come up with?
20   A.   Well, I think you have to look at why is the
21 fifth competitor getting business.  And if the fifth
22 competitor is getting business for something that's not
23 improper, or bad act, or creates legal liability, then,
24 you know, it needs to obviously be adjusted from the
25 revenues.